IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MORRIS ROBERTS,
   Plaintiff,

    v.

FULTON COUNTY RAILWAY, LLC, et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-2416-TWT

ORDER

This is an employment discrimination action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 3]. For the reasons stated below, the motion is GRANTED.

I. Background

In this action, Morris Roberts alleges that Fulton County Railway, LLC improperly discriminated against him on the basis of age, military status, and disability. The Railway employed Roberts as a conductor. During the course of his employment, Roberts was injured in a car accident. According to the Plaintiff, a doctor placed him on a no-work restriction for an indefinite period. Several days later, he was terminated. After he recovered from his injuries, the Railway refused to

reinstate him. It also refused to award him with bonus pay for work performed prior to the accident.

The Plaintiff presents a hodgepodge of theories that attempt to describe why he was terminated. Compl., at ¶ 15 ("Defendant's conduct is discriminatory with respect to Plaintiff's age, medical conditions and military obligations."). Therefore, a few words about Roberts's background are in order. First, Roberts was a military reservist in the National Guard. He claims that Railway was aware of his status when it hired him. Second, he was over forty years old. Third, he contends that his medical injuries rendered him disabled within the meaning of the American with Disabilities Act.

Roberts filed charges with the Equal Employment Opportunity Commission on March 26, 2007. His letter to the EEOC indicated that he was told that he was terminated for "time and attendance." His charge form alleges only racial and age discrimination. On June 9, 2007, the EEOC responded by sending a "Notice of Right to Sue." The Plaintiff then filed this action against the Railway.

Although the Court is mindful of Rule 8(a)'s liberal pleading requirements, the Complaint is so vague that it is difficult to identify precisely which type of discrimination is being alleged in the various counts. In Count One, the Plaintiff does not actually allege that he was discriminated against. Rather, he merely states that he filed a charge letter with the EEOC. In Count Two, the Plaintiff makes two claims.

First, "On the date of termination Plaintiff alleges that he was the only disabled employee over forty (40) years old, a violation of the Americans with Disabilities Act." Compl., at ¶ 23. Second, he claims that "Defendant Emory [sic] and its employees/agents intentionally and with deliberate indifference to the consequences of their actions, failed to reinstate Plaintiff's employment." In Count Three, the Plaintiff contends that he was denied bonus money for the period prior to his disability. He alleges that the Railway paid bonuses to other employees, even to employees that "failed to perform on the same level as the Plaintiff." In paragraph 27 he alleges that "Railway and its employees/agents intentionally and with deliberate indifference to the consequences of their actions, violated Plaintiff's right under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by discriminating against employees on the basis of their age, military status and disabling conditions." The Defendant has moved to dismiss.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is improbable that a plaintiff would be able to prove those facts, and even if the possibility of recovery

is extremely remote and unlikely. Twombly, 127 S. Ct. at 1965 (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

### III. Discussion

Deciding this motion to dismiss is more of a matter of good bookkeeping rather than legal analysis as the Plaintiff abandons several legal claims in his Response. First, the Plaintiff abandons all claims with respect to discrimination on account of military status except for a claim arising out of 38 U.S.C. § 4311(a) ("A person who is a member of, . . . a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit by an employer

on the basis of that . . . obligation.").[1]  Although the Defendant is correct that the Plaintiff does not reference this statute in his Complaint, there is nothing that requires a plaintiff to identify each statutory violation with particularity.  All that Rule 8(a) requires is that the Plaintiff plead enough to put the Defendant on notice.

Of the three Counts in the Complaint, the only one that mentions military status discrimination is Count Three.  But paragraph 27 of Count Three specifically indicates that the Plaintiff is only alleging a Fair Labor Standards Act violation.  And the Response fails to argue, in any way, that military status discrimination violates the F.L.S.A.  Therefore, all of the claims based on military status should be dismissed.

Second, the Plaintiff's race discrimination claim, to the extent that he is even alleging one, should be dismissed.  The Plaintiff does not raise a race discrimination claim in his Complaint.  Compl., at ¶ 15 ("Defendant's conduct is discriminatory with respect to Plaintiff's age, medical conditions and military obligations.").  Yet, he refers to such a claim in his Response.  ("Plaintiff alleges discrimination based on his age and race, . . .")  A response to a motion to dismiss is not the appropriate vehicle

---

[1]Although the Plaintiff has also cited to 38 U.S.C. § 2021(b)(3)(1988), this statute only governs the "Homeless veterans reintergration programs," and if it has anything to do with the Plaintiff's claim, I certainly have not been informed about it.

for asserting substantive legal claims found nowhere in the Complaint. The Defendant should not be forced to litigate a claim that has not been properly alleged.

Third, the Plaintiff's Americans with Disabilities Act claim should be dismissed. "In order to litigate a claim for discrimination under Title VII, the ADA, or the ADEA a plaintiff must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC." Rizo v. Alabama Dept. of Human Resources, 2007 WL 278587, at *2 (11th Cir. Jan. 31, 2007). Failure to do so is grounds for dismissal. See Love v. Pullman Co., 404 U.S. 522, 523 (1972) ("A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 ... may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief."); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964.").

The Plaintiff's EEOC charge fails to allege any disability discrimination. In the Eleventh Circuit, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000). Therefore, the Plaintiff's claim must be limited to charges of race and age

discrimination and allegations that can reasonably be expected to grow out of those charges. The Defendant contends that the EEOC's investigation into disability discrimination cannot reasonably be expected to grow out of a charge of race and age discrimination. The Plaintiff does not contest this argument, and fails to cite any case law on whether the charges in the complaint to the EEOC are sufficient as a matter of law.

The only argument advanced by the Plaintiff is that referring to the EEOC charge letter requires conversion of the motion into a summary for judgment. I disagree. To forbid federal judges from examining the charge letter in motions to dismiss would functionally require them to allow plaintiffs to proceed to the summary judgment stage of the case despite the absence of relevant allegations in the charge letter. From the standpoint of conserving scarce judicial resources, such a rule would be intolerable. Furthermore, it is well settled that judges may refer to such a document, especially in a case like this where its authenticity has not been questioned and the document is central to the plaintiff's case. See, e.g., Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); see also CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 376 (3d ed. 2004); Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ("It is clear to us that under the legal applicable standard we may consider the EEOC charge and related EEOC

documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one summary judgment."); Molina v. Los Angeles County Dep't of Mental Health, 2003 WL 676923, at *1 (9th Cir. Feb. 27, 2003) (holding that judicial reference to the EEOC charge letter is distinct from going "outside" the pleadings, and does not require converting a motion to dismiss into a motion for summary judgment); Jones v. Runyon, 91 F.3d 1398, 1400 n.1 (10th Cir. 1996), cert. denied, 520 U.S. 1115 (1997) (affirming district court's dismissal of discrimination where court referenced EEOC charge letter without converting motion to dismiss into motion for summary judgment). The Plaintiff has failed to cite to Eleventh Circuit case law on this issue, and the law he does cite predates the ADA itself. The Plaintiff's disability claim should be dismissed. In addition, the Plantiff's military status claim should be dismissed for the same reason as the EEOC charge letter makes no mention of military status.

Although the Plaintiff does argue that he failed to include the disability discrimination allegation in the charge letter because he was not disabled within the meaning of the ADA at the time (and that his temporary disability ripened into a

permanent disability later), his argument proves too much. If that is the case, then logically, the employer could not have discriminated against him on the basis of a disability that had not yet come to fruition. See Cramer v. Florida, 117 F.3d 1258, 1264 (11th Cir. 1997) ("In order to state a claim under the ADA, a plaintiff must allege (1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him *on account of his disability*.") (emphasis added). Therefore, Counts One and Two, alleging military and disability discrimination respectively, should be dismissed. In addition, the Plaintiff's Equal Pay Act claim, which, to be sure, is nowhere in the Complaint, but mentioned in the Response, should be dismissed. The EPA only forbids employers from paying employees of one sex less than employees of another sex for equal work. See Beavers v. American Cast Iron Pipe Co., 975 F.2d 792, 801 (11th Cir. 1992); 29 U.S.C. § 206. Unless I am confused as to the Plaintiff's gender, or the Railway has decided to challenge the conventional picture of discrimination by paying women more than men, the Plaintiff's reference to the Equal Pay Act appears to be a mistake. To the extent that Count Three alleges an age discrimination claim, it should not be dismissed at this time. The Plaintiff raises the age issue in his EEOC charge letter, in his Complaint, and the Defendant has not raised the issue in its motion to dismiss. Furthermore, the Plaintiff contends that his younger counterparts were paid bonuses

which he was illegitimately denied. The Age Discrimination in Employment Act makes it unlawful "for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Plaintiff has alleged the bare minimum to survive a motion to dismiss at this time.

### IV. Conclusion

For reasons stated above, the Defendant's Motion to Dismiss [Doc. 3] is GRANTED with respect to Counts One, Two, and Three except for the portions of Count Three alleging a claim of age discrimination under the ADEA.

SO ORDERED, this 22 day of February, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge