IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MORRIS ROBERTS,

   Plaintiff,

     v.

FULTON COUNTY RAILWAY,
LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-2416-TWT

ORDER

This is an employment discrimination case. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 25], the Plaintiff's Motion for Emergency Leave to Amend and Supplement Complaint [Doc. 35], the Plaintiff's Motion for Summary Judgment [Doc. 36], the Plaintiff's Motion for Emergency Leave to Supplement Amended Complaint [Doc. 61], the Plaintiff's Motion to Strike Thomas Burden's First and Second Declarations and Defendant's Motion for Summary Judgment [Doc. 62], the Plaintiff's Motion for Emergency Leave to Amend Statement of Material Disputed Facts [Doc. 64], and the Plaintiff's Motion to Vacate Order on Motion for Extension of Time to Complete Discovery [Doc. 72]. For the

reasons below, the Defendant's Motion for Summary Judgment is GRANTED and the Plaintiff's motions are DENIED.

## I. Background

In 2004, Morris Roberts was working for Alabama & Tennessee River Railway, LLC. (Roberts First Aff. ¶ 2.) In September 2004, Fulton County Railway, LLC, posted notices seeking experienced engineers and conductors for its Atlanta terminal. (Id. ¶ 3.) Roberts applied for a conductor position and in May 2005, he was transferred to Atlanta and started work for Fulton County Railway. (Id.) Although Roberts had applied for a conductor position at Fulton County Railway, he wanted an engineer position. According to Roberts, he routinely asked Thomas Burden, the General Manager of Fulton County Railway, to consider him for an engineer position. (Id. ¶ 4.) But Roberts never received a promotion to engineer and he says that "Burden filled [the engineer] positions with white and younger less experienced employees." (Id.) In March 2007, Roberts was involved in a car accident and suffered injuries requiring medical treatment. (Id. ¶ 5.) It took Roberts a few weeks to recover from his injuries. Roberts says that throughout this time, he updated Burden on his medical condition and expected return to work. (Id.) But when Roberts recovered and was ready to work again, Fulton County Railway terminated his

employment and allegedly refused to award him bonus pay for work performed prior to the accident. (Id.)

This lawsuit followed. In his complaint, Plaintiff Morris Roberts alleged that Defendant Fulton County Railway improperly discriminated against him on the basis of age, military status, and disability. The Defendant moved to dismiss the Plaintiff's complaint for failure to state a claim upon which relief may be granted. The Court granted the Defendant's motion "except for the portions of [the complaint] alleging a claim of age discrimination under the [Age Discrimination in Employment Act]." [Doc. 8]. The Defendant now moves for summary judgment on the Plaintiff's remaining claim of age discrimination. The Defendant requests summary judgment that it is not an employer as defined by the Age Discrimination in Employment Act and, therefore, cannot be held liable for claims brought under the act. The Plaintiff moves for summary judgment as well.[1] The Plaintiff requests summary judgment that the Defendant is an employer as defined by the Age Discrimination in Employment Act, and that the Defendant improperly discriminated against the Plaintiff on the basis of age. The Plaintiff also moves for judgment on various other issues, including

---

[1] On August 8, 2008, the Plaintiff fired his attorney and proceeded to represent himself, including filing the Plaintiff's Motion for Summary Judgment, and all subsequent motions.

amending his pleadings, striking the Defendant's pleadings, and vacating one of the Court's discovery orders.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

### A. The Defendant's Motion for Summary Judgment

The Defendant requests summary judgment that it is not an employer as defined by the Age Discrimination in Employment Act and, therefore, cannot be held liable for claims brought under the act. The Age Discrimination in Employment Act provides that "[i]t shall be unlawful for an employer . . . [to] discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The Act defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). The Defendant says that it never employed more than 14 employees during the relevant period and has submitted its payroll spreadsheets to support its argument. (Burden First Decl. ¶¶ 5-6.) The Plaintiff does not dispute the number of employees working for the Defendant. Instead, the Plaintiff says that the Defendant is "a subsidiary of OmniTrax, Inc." and that OmniTrax is "an affiliate of The Broe Companies, Inc." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 2.) The Plaintiff says that all three companies should be considered as the Plaintiff's "single employer," and that collectively the companies employed twenty or more employees during the relevant period.

In deciding whether a party qualifies as an employer under federal antidiscrimination laws, there are "circumstances in which it is appropriate to aggregate multiple entities for the purpose of counting employees." Lyes v. City of

Riviera Beach, 166 F.3d 1332, 1341 (11th Cir. 1999).² Under the single employer test, separate entities are aggregated if they are "highly integrated with respect to ownership and operations." Id. In applying this test, courts appear to "look for (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Id. But the reality is that in many cases, "although the four-factor[s] [are] cited or recited, the focus of the opinions is on whether the [parent] made the personnel decision--committed the discriminatory act--of which the plaintiff was complaining." Papa v. Katy Indus., 166 F.3d 937, 939 (7th Cir. 1999); see also Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1244-45 (11th Cir. 1998). Indeed, the four-factors have been "refined to the point that the critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?" Trevino v. Celanese Corp., 701 F.2d 397, 404-05 (5th Cir. 1983).

Because the evidence is that the Defendant made the final decisions relating to the Plaintiff's employment, and that OmniTrax and The Broe Companies were not involved in these decisions, it is not appropriate to aggregate the three companies for

---

²Lyes is a Title VII case. "In interpreting [the Age Discrimination in Employment Act's] definition of 'employer,' Title VII cases are helpful." Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1263 (11th Cir. 1997).

the purpose of counting employees. For each instance of discrimination alleged by the Plaintiff, the decisions were made by Thomas Burden, the Defendant's General Manager. The Plaintiff alleges that Burden refused to consider him for an engineer position, and that Burden "filled [the engineer] positions with white and younger less experienced employees." (Roberts First Aff. ¶ 4.) When the Plaintiff was in a car accident, the Plaintiff says that he made numerous phone calls and faxes to Burden, so that Burden would be informed about his medical condition. (Id. ¶¶ 5-6.) But Burden never contacted the Plaintiff and, instead, Burden sent the Plaintiff a letter terminating the Plaintiff's employment. (Def.'s Br. in Supp. of Its Mot. for Summ. J., Ex. B.) The Plaintiff then alleges that "Burden also falsified corporate documents to reflect that [the Plaintiff] abandoned and quit his job as opposed to being terminated." (Br. in Supp. of Pl.'s Mot. for Summ. J., at 5.) There is no evidence that OmniTrax or The Broe Companies were involved in any of these decisions. As Burden explains in his declaration, "[the Defendant] is a stand-alone entity" and "exercises its own independent judgment regarding its governance." (Burden First Decl. ¶¶ 7-8.)

The evidence submitted by the Plaintiff does not present a genuine issue of material fact regarding the involvement of OmniTrax and The Broe Companies in the final decisions relating to the Plaintiff's employment. The Plaintiff says that the

Defendant "proved to be a subsidiary of OmniTrax." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 2.) But that fact, by itself, is not material. "Only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary--domination similar to that which justifies piercing the corporate veil--is sufficient to . . . permit an inference that the parent corporation was a final decision-maker in its subsidiary's employment decisions." Lusk v. Foxmeyer Health Corp., 129 F.3d 773, 778 (5th Cir. 1997). The Plaintiff says that he signed numerous documents from OmniTrax and The Broe Companies, including a corporate policy statement, a sexual harassment policy, and a confidentiality agreement. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 3-4.) But "broad, general policies [do not] evidence an attempt by [the parent] to exercise day-to-day control over employment decisions." Frank v. U.S. West, Inc., 3 F.3d 1357, 1363 (10th Cir. 1993). Indeed, none of these policies played any role in the decisions relating to the Plaintiff's employment. The Plaintiff says that OmniTrax processed "employee applications and payroll . . . for several franchise locations throughout the United States." (Br. in Supp. of Pl.'s Mot. for Summ. J., at 7.) But that is because OmniTrax has a contractual relationship with the Defendant, where "[OmniTrax] is . . . tasked with performing various services for [the Defendant] on an as-needed basis, including: accounting, benefits, administration, tax planning, and government relations."

(Burden Second Decl. ¶ 5.) It simply does not "make a difference . . . that the tiny employer gets his pension plan, his legal and financial advice, and his payroll function from his parent corporation." Papa, 166 F.3d at 942.

There is additional evidence from the Plaintiff, but it is more of the same and does not suggest that OmniTrax and The Broe Companies were involved in the final decisions relating to the Plaintiff's employment. And that makes this case distinguishable from cases where courts held that there was evidence of a single employer relationship. In McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930 (11th Cir. 1987), the court denied summary judgment where one person was president of both companies, controlled the personnel management of both companies, and made the final decision to terminate the plaintiff. Id. at 933-34. In Armbruster v. Quinn, 711 F.2d 1332 (6th Cir. 1983), the court denied summary judgment where the president of the parent was also an officer of the subsidiary, the parent had to approve all purchases by the subsidiary for over $200, and the parent was involved in both the hiring and firing of the plaintiff. Id. at 1338-39. In Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235 (2d Cir. 1995), the court denied summary judgment where the parent ran the subsidiary "in a direct, hands-on fashion, establishing the operating practices and management practices of [the subsidiary]," and the subsidiary "cleared all major employment decisions with [the parent]." Id. at 1241. In each of

those cases, there were significant departures from the ordinary relationship between a parent and its subsidiary that would permit an inference that the parent was a final decision-maker in its subsidiary's employment decisions. Such evidence is absent in this case. There is nothing to suggest that OmniTrax or The Broe Companies "formulated or administered the specific personnel policies, or directed, commanded, or undertook the specific personnel actions, of which [the Plaintiff is] complaining." Papa, 166 F.3d at 942.

The Defendant does not have enough employees to qualify as an employer under the Age Discrimination in Employment Act, and the Plaintiff has not presented evidence that would allow for aggregation of the Defendant, OmniTrax, and The Broe Companies for the purpose of counting employees. The Defendant is entitled to summary judgment that it is not an employer as defined by the Age Discrimination in Employment Act and, therefore, cannot be held liable for claims brought under the act.

### B. The Plaintiff's Motions

The Plaintiff requests summary judgment that the Defendant is an employer as defined by the Age Discrimination in Employment Act, and that the Defendant improperly discriminated against the Plaintiff on the basis of age. The Plaintiff is not entitled to summary judgment that the Defendant is an employer as defined by the Age

Discrimination in Employment Act because, as explained above, the Defendant does not have enough employees to qualify as an employer and the Plaintiff has not presented evidence that would allow for aggregation of the Defendant, OmniTrax, and The Broe Companies for the purpose of counting employees.  The Plaintiff is also not entitled to summary judgment that the Defendant improperly discriminated against the Plaintiff on the basis of age because that issue is now moot.  Even if the Defendant improperly discriminated against the Plaintiff, the Defendant is not an employer as defined by the Age Discrimination in Employment Act and, therefore, cannot be held liable for claims brought under the act.

The Plaintiff moves for judgment on various other issues, including amending his pleadings, striking the Defendant's pleadings, and vacating one of the Court's discovery orders.  The Plaintiff moves to amend his complaint "by adding paragraphs for the sole purpose of naming OmniTrax and The Broe Companies, Inc. as named defendants and punitive damages."  (Pl.'s Mot. for Emergency Leave to Amend and Supplement Complaint, at 1.)  "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (internal quotations omitted).  Because the motions were filed at the end of discovery and more than three

months after the stipulated deadline for amendments, the Plaintiff's motions to amend are untimely. The Plaintiff says that he only learned about the existence of OmniTrax and The Broe Companies "from [the Defendant's] recent discovery," but the record suggests otherwise. As just one example, in the Plaintiff's Equal Employment Opportunity Commission Intake Questionnaire, the Plaintiff lists The Broe Companies, Inc., as the "Human Resources Director or Owner Name" for Fulton County Railway, LLC. (Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. 38a.) This document was filed in March 2007, months before the Plaintiff filed his complaint. Therefore, the Plaintiff's motions to amend his complaint are denied.

The Plaintiff moves to amend his statement of material disputed facts. The Plaintiff says that his "[f]ormer counsel erroneously filed a statement of material facts" with procedural defects, and that the Plaintiff did not discover the defects until after the Defendant's Reply. (Pl.'s Mot. for Emergency Leave to Amend Statement of Material Disputed Facts, at 1.) But this amendment is futile. The changes merely attempt to correct procedural defects and do not change the actual facts in this case. Even with an amended statement of facts, the Defendant is still entitled to summary judgment that it is not an employer as defined by the Age Discrimination in Employment Act. Therefore, the Plaintiff's motion to amend his statement of material disputed facts is denied.

The Plaintiff moves to strike "Thomas Burden's first and second declarations and [the Defendant's] summary judgment motion . . . from the record in their entirety." (Mot. to Strike Thomas Burden's First and Second Declarations and Def.'s Mot. for Summ. J., at 1.) The Plaintiff says that the Court should strike Burden's first declaration because his declaration references payroll spreadsheets, but does not include an affidavit from the records custodian authenticating the spreadsheets. But, as the Defendant points out, "as General Manager of [Fulton County Railway, LLC], Mr. Burden is [the] records custodian for payroll records. As such, he can authenticate the records attached to his declaration." (Def.'s Resp. To Pl.'s Mot. to Strike First and Second Affidavits of Thomas Burden, at 3.) The Plaintiff says that the Court should strike Burden's second declaration because the Defendant did not have leave to file a second declaration. But there is nothing that prohibits the Defendant from filing a second declaration, especially when the declaration only replies to arguments raised by the Plaintiff's Response. The Plaintiff has other arguments in favor of his motion to strike, but those arguments essentially restate the Plaintiff's substantive objections to the Defendant's motion for summary judgment. Therefore, the Plaintiff's motion to strike is denied.

Finally, the Plaintiff moves to vacate the Court's Order on Motion for Extension of Time to Complete Discovery. But this issue is now moot. The Court's

order provides that "should the Court deny Defendant's Motion for Summary Judgment the discovery deadline will be 30 days from the docketing of such order." [Doc. 59]. As explained above, the Court is granting the Defendant's Motion for Summary Judgment. Therefore, the Plaintiff's motion to vacate is denied.

IV. Conclusion

For the reasons above, the Defendant's Motion for Summary Judgment [Doc. 25] is GRANTED and the Plaintiff's motions are DENIED.

SO ORDERED, this 2 day of December, 2008.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge